IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JAMES M. HARRIS,**

  Plaintiff,

vs.              Case No. 5:09cv7-RS/WCS

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

  Defendant.

                 /

## REPORT AND RECOMMENDATION

  This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. LOC. R. 72.2(D). Defendant has filed a motion to dismiss because Plaintiff waived his right to an administrative hearing. Doc. 10. Plaintiff, who is represented by an attorney, has not filed a response and the time for a response has expired.

  On October 27, 2008, the Administrative Law Judge entered an order dismissing Plaintiff's request for an administrative hearing. Doc. 10-2 on ECF (electronic case filing), ¶ 3(e) (declaration of Earnest Baskerville). The basis for the dismissal was that

Plaintiff had withdrawn his request for a hearing through his representative at the hearing. *Id.*

Section 405(g), Title 42, is the exclusive source of this court's jurisdiction to review a "final decision" of the Commissioner "made after a hearing to which he [the claimant] was a party."

> The claimant may seek review in a federal court of "any final decision of the Commissioner of Social Security," 42 U.S.C. § 405(g), only after exhausting these administrative remedies. *See Sims v. Apfel*, 530 U.S. 103, 107, 120 S.Ct. 2080, 2083, 147 L.Ed.2d 80 (2000) (claimant must appeal to Appeals Council to exhaust remedies).

Ingram v. Commissioner of Social Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007).

It would seem clear that since § 405(g) speaks of a final decision made after a hearing, that absent a hearing, there has been no final decision. Further, 20 C.F.R. § 416.1457 provides that:

> An administrative law judge may dismiss a request for a hearing under any of the following conditions:
>
> > (a) At any time before notice of the hearing decision is mailed, you or the party or parties that requested the hearing ask to withdraw the request. This request may be submitted in writing to the administrative law judge or made orally at the hearing.

"The term 'final decision' is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975).

Thus, the Fifth Circuit has held that an ALJ's dismissal of a request for a hearing when the claimant failed to attend the hearing was not a "final decision" reviewable in federal court. Brandyburg v. Sullivan, 959 F.2d 555 (5th Cir.1992). It should follow with

even more force that a claimant's voluntary withdrawal of his request for an administrative hearing, as here, causes there to be no final decision for this court to review.  Plaintiff has not made any argument for any conceivable waiver of the exhaustion requirement.

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss, doc. 10, be **GRANTED**, and the complaint be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 14, 2009.


　　　　　　　　　　　　　　　　　　s/   William C. Sherrill, Jr.
　　　　　　　　　　　　　　　　　　**WILLIAM C. SHERRILL, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**